**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ANDRE' RANDOLPH** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 06-2031** |
| **JAMES D. MILLER** | * | **SECTION: "F"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose

of conducting a hearing, including an evidentiary hearing, if necessary, and submission of

proposed findings and recommendations for disposition pursuant to Title 28, United States

Code, Sections 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing

Section 2254 cases.  Upon review of the entire record, the court has determined that this

matter can be disposed of without an evidentiary hearing. For the following reasons, it is

hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE**.

Petitioner Andre' Randolph, a prisoner incarcerated in the Washington

Correctional Institute, Angie, Louisiana, seeks federal habeas corpus relief from his June 24,

1997, guilty plea convictions and sentences relative to second degree kidnapping, a violation

of LSA-R.S. 14:44.1, three counts of armed robbery, violations of LSA-R.S. 14:64 and his

March 11, 1998, adjudication and sentence as a second offender pursuant to LSA-R.S.
15:529.1.

### <u>Background and Procedural Summary</u>[1]

The Jefferson Parish District Attorney filed a bill of information charging

petitioner Andre Randolph, with one count of second degree kidnapping, LSA-R.S. 14:44.1,

and three counts of armed robbery, LSA-R.S. 14:64.  On June 24, 1997, after being fully

advised of his constitutional rights, petitioner withdrew his former pleas of not guilty and

pled guilty as charged.  Thereafter, the court sentenced defendant on each of the three counts

of armed robbery to forty-two years at hard labor without benefit of probation, parole, or

suspension of sentence.  On the kidnapping count, the court sentenced petitioner to forty

years at hard labor, with two of those years to be served without benefit of probation, parole

or suspension of sentence.  The judge ordered that the sentences run concurrently and with

credit given for time served.

The State subsequently filed a bill of information seeking to have petitioner

adjudicated a multiple offender pursuant to the provisions of LSA-R.S. 15:529.1.  The court

conducted a hearing on March 11, 1998, and thereafter ruled that petitioner was a second

felony offender.  The judge vacated the original sentence and sentenced petitioner to forty-

---

[1]The background and procedural summary were taken from the opinion issued on direct
appeal, **State v. Randolph**, 731 So.2d 365, 366 (La. App. 5th Cir. Feb. 23, 1999) and from
information taken from review of the state record.

two years at hard labor without benefit of probation, parole or suspension of sentence with credit for time served.

Petitioner filed a direct appeal to the Louisiana Court of Appeal, Fifth Circuit on October 5, 1998,[2] arguing that the trial court erred in adjudicating him a multiple offender because the predicate plea was defective. The petitioner specifically contended that when he pled guilty to the predicate felony, the trial judge failed to advise him of the maximum sentence exposure, as is now required under LSA-C.Cr.P. art. 556.1. The State responded that, according to LSA-R.S. 15:529.1(D)(1)(b), the petitioner procedurally waived his right to raise the sufficiency of the predicate plea on this basis.

The Louisiana Court of Appeal, Fifth Circuit affirmed Randolph's convictions and sentences on February 23, 1999. The court held that: Randolph waived his right to challenge the sufficiency of the predicate plea on grounds that, when he pleaded guilty to the predicate felony, the trial judge failed to advise him of the maximum sentence exposure and the predicate plea was not defective on such grounds. Petitioner filed a writ application in the Louisiana Supreme Court on November 3, 1999.[3] The Louisiana Supreme Court denied

---

[2]See State Record, Vol. 5, for copy of Appellate brief.

[3]See State Record, Vol. 1 tab 2, for a copy of Clerk's letter.

the writ on May 5, 2000, under docket No. 99-KH-3135.[4] **State v. Randolph**, 761 So.2d 539 (La. May 5, 2000).

Petitioner sought post-conviction relief (PCR) in the state district court. Petitioner signed his first application for PCR on May 19, 2000.  The application for PCR was stamp filed (sic) May 32, 2000.[5]  The district court denied relief on June 12, 2000.[6] Petitioner had no other pleadings pending until March 1, 2002, when he filed a Motion to Correct an Illegal Sentence, which the district court denied on March 7, 2002.[7]

Petitioner filed a second application for PCR on May 2, 2002.[8]  He filed a supplement to the PCR on June 6, 2002.[9]  On June 14, 2002, the district court denied relief and ordered petitioner to state the reasons for his failure to include the claims currently brought before the court in his previous application for PCR.  (The court cited La.C.Cr.P. art. 930.4.)[10]

---

[4]See State Record, Vol. 1 tab 3.

[5]See State Record, Vol. 1, Original Brief in Support of Post Conviction Relief page 1 and Attached Petition page 6.

[6]See State Record, Vol. 1, tab 4.  The issues addressed were improper Boykinization and defective bill of information.

[7]See State Record, Vol. 2, tabs 6 and 7.

[8]See State Record, Vol. 2, tab 8.

[9]See State Record, Vol. 2, tab 10.

[10]See State Record, Vol. 2, tab 9.

Petitioner sought relief from the district court's denial of his motion to correct an illegal sentence in the Louisiana Court of Appeal, Fifth Circuit on June 17, 2002. The Fifth Circuit denied relief on June 27, 2002.[11]  On November 13, 2002, the district court denied petitioner's motion to supplement filed on July 22, 2002.[12]  The court also denied petitioner's May 2, 2002, and June 6, 2002, post conviction claims due to petitioner's inexcusable failure to raise the claims in his prior application for PCR.[13]  Petitioner sought relief from the rulings in the Louisiana Court of Appeal, Fifth Circuit on March 11, 2003.[14] The Fifth Circuit denied relief on March 13, 2003, finding no error in the trial court's ruling of November 13, 2002, on petitioner's application for PCR.[15]

Thereafter, on July 31, 2003, petitioner filed a petition for relief from an improperly enhanced habitual offender sentence which the district court denied on August 4, 2003.[16]

---

[11]See State Record, Vol. 4, tab 13 for a copy of the ruling.  **State v. Randolph,** No. 02-KH-608 (La. App. 5th Cir. 6/27/02).

[12]See State Record, Vol. 4, tab 14.

[13]See State Record, Vol. 4, tab 16.

[14]See State Record, Vol. 4, tab 25.

[15]See State Record, Vol. 4, tab 24 for copy of ruling.  **State v. Randolph,** 03-KH-304 (La. App. 5th Cir. 03/13/03).

[16]See State Record, Vol. 4, tab 17A for copy of ruling.

Petitioner filed his third application for PCR on September 22, 2003.[17]   On October 2, 2003, the district court denied relief as untimely filed pursuant to La.C.Cr.P. art. 922.[18]   Petitioner filed a writ in the Louisiana Court of Appeal, Fifth Circuit on January 6, 2004, which was denied on January 8, 2004.[19]   On January 29, 2004, petitioner filed for relief in the Louisiana Supreme Court under No. 2004-KH-493.[20]   Meanwhile, petitioner filed a motion to "vitiate" invalid sentence in the district court on December 2, 2004.[21]   The district court denied the motion on December 7, 2004.[22]   On December 28, 2004, petitioner filed a motion to supplement his writ under No. 04-KH-493.[23]   The Louisiana Supreme Court denied relief on February 4, 2005, citing La.C.Cr.P. art. 930.08 and **State ex rel. Glover v. State,** 660 So.2d 1189 (La. 9/5/95).[24]

---

[17]See State Record, Vol. 3, tab 12B.

[18]See State Record, Vol. 3, tab 12A for copy of ruling.

[19]See State Record, Vol. 4, tab 26.  **State ex rel. Randolph v. Cain,** No. 04-KH-14 (La. App. 5th Cir. 1/8/04).

[20]See State Record, Vol. 4, tab 18.  Also see Vol. 6, tab 28.

[21]See State Record, Vol. 4, tab 19.

[22]See State Record, Vol. 4, tab 20.

[23]See State Record, Vol. 6, tab 29.

[24]See State Record, Vol. 6, tab 30, for copy of ruling.  **State ex rel. Randolph v. State of Louisiana,** No. 2004-KH-0493 (La. 2/4/05).

Petitioner filed his fourth application for PCR on May 4, 2005, in the state district court.[25]  The court denied relief on May 10, 2005.[26]  Review of the record does not show that petitioner filed for writs in the Louisiana Court of Appeal, Fifth Circuit or in the Louisiana Supreme Court on the issues raised in his fourth PCR.

Petitioner filed the subject federal petition for a writ of habeas corpus on January 25, 2006.[27]  Petitioner's first claim is that he was adjudicated a multiple felony offender based upon insufficient evidence as the bill of information was fatally defective. Petitioner further contends that any procedural default of this claim is excused because he was actually innocent.  Petitioner's second claim is that the predicate offense used in the multiple bill was based upon insufficient evidence.

In its response, the State concedes that petitioner's claims have been exhausted. However, the State argues that the petition is untimely and the claims are procedurally defaulted.[28]

---

[25]See State Record, Vol. 4, tab 22.

[26]See State Record, Vol. 4, tab 21.

[27]See Federal Record, Document No. 1, for copy of petition.

[28]All of the federal claims were presented to the Louisiana Supreme Court under docket number 04-KH-493.  A copy of the ruling is contained in the State Record, Vol. 6, tab 30.

## **Time Bar**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

established a one-year statute of limitations for the filing of federal *habeas corpus*

applications.  The method for calculating a petitioner's one-year period is set forth in 28

U.S.C. § 2244(d)(1), which provides:

> (1) A 1-year period of limitation shall apply to an
> application for a writ of habeas corpus by a person in custody
> pursuant to the judgment of a State court.  The limitation period
> shall run from the latest of –
>
> (A) the date on which the judgment became final
> by the conclusion of direct review or the expiration of the
> time for seeking such review;
>
> (B) the date on which the impediment to filing an
> application created by State action in violation of the
> Constitution or laws of the United States is removed, if
> the applicant was prevented from filing by such State
> action;
> (C) the date on which the constitutional right
> asserted was initially recognized by the Supreme Court,
> if the right has been newly recognized by the Supreme
> Court and made retroactively applicable to cases on
> collateral review; or
> (D) the date on which the factual predicate of the
> claim or claims presented could have been discovered
> through the exercise of due diligence.

Reviewing petitioner's federal application, the Court finds that subsections (B),

(C) and (D) are clearly inapplicable.

Accordingly, subsection (A) is applicable in the instant case.  As noted, that subsection provides that a petitioner's federal application must be filed within one (1) year of the date on which the petitioner's underlying criminal judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  In the instant case, on May 5, 2000, the Louisiana Supreme Court denied petitioner's writ application challenging the state intermediate appellate court's judgment affirming his conviction and sentence.[29]   Therefore, under § 2244(d)(1)(A), petitioner's underlying criminal judgment became "final" ninety (90) days later, i.e., on August 3, 2000, when his period expired for seeking a writ of certiorari from the United States Supreme Court.  *See* **Roberts v. Cockrell,** 319 F.3d 690, 694 (5th Cir. 2003); **Ott v. Johnson,** 192 F.3d 510, 513 (5th Cir. 1999); **Chester v. Cain,** Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); *see also* U.S. Sup. Ct. R. 13(1).  Accordingly, his one-year period for seeking federal *habeas corpus* relief commenced on that date and expired one year later, i.e. on August 3, 2001, unless that deadline was extended through tolling.  As previously mentioned, petitioner did not file the subject federal application for habeas corpus relief until January 25, 2006.

The Court first considers statutory tolling.  The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application

---

[29]Petitioner did not file for a writ of certiorari in the United States Supreme Court but instead sought state post-conviction relief prior to his conviction becoming final.

for state post-conviction relief or other collateral review attacking a conviction or sentence

is pending in state court.  28 U.S.C. § 2244(d)(2).  Petitioner filed his first application for

PCR in the state district court on May 19, 2000, the day he signed his application.[30]  The

court denied relief on June 12, 2000.  Thereafter, petitioner had no applications attacking this

conviction or sentence pending before any state court at any time from June 12, 2000, until

March 1, 2002, when he filed a motion to correct an illegal sentence.  Petitioner's one year

federal limitations period thus expired without being tolled for any pending state post-

conviction application.  Petitioner allowed one year and eight months (August 3, 2000,

finality of conviction date through March 1, 2002, motion to correct illegal sentence filing

date) to expire without filing any pleadings sufficient to toll the limitations period.

The Court notes that the United States Fifth Circuit Court of Appeals has held

that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be

---

[30]This May 19, 2000, filing date, however, represents the date petitioner's PCR was
received and filed by the state district court.  In **Causey v. Cain,** 450 F.3d 601, 604-607 (5th
Cir.2006), the Fifth Circuit decreed that the mailbox rule be employed in ascertaining the filing
date of a prisoner's Louisiana state court pleadings in the context of determining the timeliness
of his federal habeas corpus application.   Under the "prison mailbox rule", a pleading filed by a
prisoner acting pro se is considered to be filed for prescriptive purposes on the date it is
delivered to prison officials for mailing, rather than the date it is received by the court.  **Cooper
v. Brookshire**, 70 F.3d 377, 379 (5th Cir. 1995).  Generally, the date a prisoner signs his
petition, in this case, May 19, 2000, is presumed to be the date he delivered it to prison officials
for mailing.  *See* **Colarte v. LeBlanc**, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that
petitioner turned his habeas corpus application over to prison officials for delivery to this Court
on the date he signed his application); **Magee v. Cain**, 2000 WL 1023423, *4 n.2 (E.D. La.
2000) (inferred that filing date and signature date of habeas petition were the same); **Punch v.
State**, 1999 WL 56279, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner
delivered habeas petition to prison officials for mailing on date he signed petition).

equitably tolled.   *See* **Davis v. Johnson,** 158 F.3d 806, 811 (5th Cir. 1998).   However,

"[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant

about the cause of action or is prevented in some extraordinary way from asserting his

rights."   **Coleman v. Johnson**, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and

citations omitted).   Petitioner bears the burden of proof to establish entitlement to equitable

tolling.   **Alexander v. Cockrell,** 294 F.3d 626, 629 (5th Cir. 2002).   Petitioner has brought

forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of

no reason that would support equitable tolling of the statute of limitations in this case.

Petitioner's federal habeas is, therefore, time-barred.

## Procedural Default

Although petitioner's application is clearly time-barred, there is another basis

for denying relief.  Petitioner claims that his June 24, 1997, conviction (guilty plea) regarding

kidnapping is constitutionally invalid because it was based upon a defective bill of

information.  Specifically, petitioner claims that the bill of information failed to set forth an

identifiable offense.   Thus, the conviction constituted insufficient evidence for sentence

enhancement purposes.   The second part of petitioner's claim is that his kidnapping

conviction is constitutionally infirm because it was induced by "an unfulfillable credit for

time served plea concession."  The state district court denied petitioner's claims as untimely

on October 2, 2003, based upon La. C.Cr. P. Art. 930.8(A).  (*See* a copy of the ruling,  found

11

in State Record, Vol. 3 of 6, tab 12A.)  The Louisiana Fifth Circuit denied the writ finding

no error in the trial court's ruling.  (See State Record, Vol. 4 of 6, tab 26, **State ex rel.**

**Randolph v. State,** 04-KH-14, (La. 5th Cir. Jan. 8, 2004.)  The Louisiana Supreme Court

denied relief on February 4, 2005, citing La. C.Cr. P. Art. 930.8.[31]  (See State Record, Vol.

6, tab 30 for a copy of ruling.  No. 2004-KH-0493 La. (2/4/05)).

Generally, a federal court will not review a question of federal law decided by

a state court if the decision of that state court rests on a state ground that is both independent

of the merits of the federal claim and adequate to support that judgment.  **Amos v. Scott,** 61

F.3d 333, 338 (5th Cir.), cert. denied, 516 U.S. 1005, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995),

---

[31]La. C.Cr. P. Art. 930.8A provides:

A.  No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:

(1) The application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his attorney.

(2) The claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling.

(3) The application would already be barred by the provisions of this Article, but the application is filed on or before October 1, 2001, and the date on which the application was filed is within three years after the judgment of conviction and sentence has become final.

(4) The person asserting the claim has been sentenced to death.

citing **Harris v. Reed,** 489 U.S. 255, 262, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989).

This "independent and adequate state law" doctrine applies to both substantive and

procedural grounds and affects federal review of claims that are raised on either direct  or

habeas review.  **Amos,** 61 F.3d at 338 (citations omitted).  As explained in **Coleman v.**

**Thompson,** 501 U.S. 722, 730-31, 111 S.Ct. 2546, 2554, 115 L.Ed .2d 640 (1991):  "In the

habeas context, the application of the independent and adequate state ground doctrine is

grounded in concerns of comity....  Without the rule, ... habeas would offer state prisoners

whose custody was supported by independent and adequate state grounds ... means to

undermine the State's interest in enforcing its laws."

As noted earlier, the Louisiana trial court, appellate court and the Louisiana

Supreme Court all denied petitioner's claim based on procedural default, i.e., untimeliness.

As such, federal habeas review is barred absent a showing of both 'cause" for the default and

"prejudice attributed thereto", or a demonstration that the federal court's failure to review the

defaulted claim will result in a "fundamental miscarriage of justice." **Amos,** 61 F.3d at 338-

39; **Harris,** 489 U.S. at 262, 109 S.Ct. at 1043; **Engle v. Isaac,** 456 U.S. 107, 129, 102 S.Ct.

1558, 1572, 71 L.Ed. 783 (1982).

In the instant matter, petitioner has not demonstrated the requisite cause and

prejudice, thus the instant claim is procedurally barred unless he can show that a fundamental

miscarriage of justice would result.  In order to establish a "fundamental miscarriage of

13

justice", a petitioner must "make a persuasive showing that he is actually innocent of the charges against him.  Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted." **Finley v. Johnson,** 243 F.3d 215, 220 (5th Cir. 2001) (*citations omitted*).  Petitioner, in this instance, has made no such showing.  Accordingly, the instant claim should also be dismissed based upon procedural default.

Petitioner's second claim challenging his adjudication as a second felony offender based upon an infirm predicate conviction of possession of stolen property escapes federal review for another reason.

The Supreme Court has made clear that generally, "federal post conviction relief is [not] available when a prisoner challenges a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction for which the petitioner is no longer in custody." **Lackawanna County District Attorney v. Coss,** 532 U.S. 394, 121 S.Ct. 1567, 1570, 149 L.Ed.2d 608 (2001).  The Court held:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid... . If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

**Id.,** 532 U.S. at 403-404, 121 S.Ct. At 1574. [32]

In sum, **Lackawanna** bars review of this claim.

### RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Andre' Randolph be **DISMISSED WITH PREJUDICE AS UNTIMELY** and, alternatively, as procedurally defaulted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

---

[32]There are two exceptions to the above general rule.  One exception is with respect to habeas petitions challenging an enhanced sentence "on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment ... ."  **Id.**  The second exception might lie, albeit in a rare circumstance, where through no fault of his own, there was no channel of review actually available to petitioner through which he might have timely challenged his prior conviction.  **Id.,** 532 U.S. at 405-406, 121 S.Ct. at 1575.  Neither of these exceptions are applicable in the instant situation.

15

consequences will result from a failure to object.  **Douglass v. United Services Auto. Ass'n**,

79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this  24th  day of            July            , 2008.


LOUIS MOORE, JR.
United States Magistrate Judge